<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                   :
VINCENT HERBERT,                   :      CIVIL ACTION NO. 03-3852 (MLC)
                                   :
        Plaintiff,                 :      MEMORANDUM OPINION
                                   :
        v.                         :
                                   :
JOSEPH S. LECH IV, et al.,         :
                                   :
        Defendants.                :
                                   :
```

<u>COOPER, District Judge</u>

The defendants move pursuant to Federal Rule of Civil Procedure ("Rule") 56(c) for summary judgment as to the claims asserted against them.  The plaintiff has not opposed the motion.[1]  The Court, for the reasons stated herein, will grant the motion.

<u>BACKGROUND</u>

Carol Ann Banach ("Banach") was found at a gas station in Lawrenceville, New Jersey on January 19, 2003, bruised and bleeding, with one of her eyes swollen shut.  (Defs. Ex. DdA1, Supplemental Investigation Report.)  She was treated at the hospital where she was observed by defendants Officers C. Dimeglio ("Dimeglio"), and Kelly Longo ("Longo").  (<u>Id.</u>)  While in the hospital, she told Dimeglio and Longo that the plaintiff,

---

[1] The return date on the motion, as set by the Clerk of the Court, was January 17, 2006.  Therefore, pursuant to Local Civil Rule 7.1(d)(2), the plaintiff's opposition papers were due on or before January 3, 2006.

Vincent Herbert ("Herbert"), had sexually and physically assaulted her. (Id.) Defendant Officer Joseph S. Lech IV ("Lech"), questioned Banach following her release from the hospital. (Id.) Banach provided a formal videotaped statement about what had happened to her. (Id.) Lech prepared an affidavit of probable cause ("affidavit"), and sought an arrest warrant for Herbert. (Defs. Ex. Dda2, Affidavit of Probable Cause.) Included in the affidavit were (1) Banach's statements regarding what Herbert had done to her, (2) Lech's observations of Banach's physical appearance and injuries, (3) the injuries Banach sustained as reported to the police following a sexual assault examination at the hospital, and (4) the known criminal history of Herbert. (Id.) A warrant was issued on January 20, 2003, and Herbert was arrested on January 31, 2003. (Defs. Br., at 4.)

Herbert, pro se, brought this action pursuant to 42 U.S.C. § ("Section") 1983, alleging that the defendants violated his constitutional rights. The Court construes the complaint to allege claims for false arrest and unlawful detention, as a result of the alleged improper actions by the defendants. (Compl., at 7.) Specifically, Herbert challenges the validity of the affidavit that was prepared to secure the warrant for his arrest. (Id.)

## DISCUSSION

The defendants argue that summary judgment is appropriate because (1) the affidavit includes "overwhelming facts and evidence" to establish probable cause to issue an arrest warrant, and (2) Herbert has not provided any facts or evidence about how Dimeglio and Longo violated his constitutional rights except to say they were involved in the criminal investigation. (Defs. Br., at 8-10.) Herbert has not opposed the motion, but argues in the complaint that the charges against him are false because (1) the affidavit states that he has prior felony convictions, which he does not, and (2) Banach's statements are unreliable and false because she is mentally ill and her statements were coerced. (Compl., at 5-6.)

## I.   **Standard for Summary Judgment**

Rule 56(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met this prima facie burden, the non-movant "must set forth specific facts showing that there is a genuine issue

3

for trial." Fed.R.Civ.P. 56(e).  A non-movant must present
actual evidence that raises a genuine issue of material fact and
may not rely on mere allegations.  <u>Anderson v. Liberty Lobby,
Inc.</u>, 477 U.S. 242, 249 (1986).

  The Court must view the evidence in the light most favorable
to the non-movant when deciding a summary judgment motion.
<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,
587 (1986).  At the summary judgment stage, the Court's role is
"not . . . to weigh the evidence and determine the truth of the
matter but to determine whether there is a genuine issue for
trial." <u>Anderson</u>, 477 U.S. at 249.  Under this standard, the
"mere existence of a scintilla of evidence in support of the
[non-movant's] position will be insufficient [to defeat a Rule
56(c) motion]; there must be evidence on which the jury could
reasonably find for the [non-movant]." <u>Id.</u> at 252.  "By its very
terms, this standard provides that the mere existence of <u>some</u>
alleged factual dispute between the parties will not defeat an
otherwise properly supported motion for summary judgment; the
requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."
<u>Id.</u> at 247-48 (emphasis in original).  A fact is material only if
it might affect the action's outcome under governing law.  <u>Id.</u> at
248.  "[T]here is no issue for trial unless there is sufficient
evidence favoring the nonmoving party for a jury to return a
verdict for that party.  If the evidence is merely colorable, or

4

is not significantly probative, summary judgment may be granted."
Id. at 249-50 (internal citations omitted).

If the non-movant fails to oppose the motion, Rule 56(e)
provides that the Court may only grant the motion for summary
judgment "if appropriate." See, e.g., Anchorage Assocs. v. V.I.
Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990); see also
Damino v. Sony Music Entm't, 975 F.Supp. 623, 627 (D.N.J. 1996)
(granting summary judgment because plaintiff's argument was
unopposed, and thus no genuine issue of material fact was
created). The motion is appropriately granted when that party is
entitled to judgment as a matter of law. Anchorage Assocs., 922
F.2d at 175.

When, as here, "the non-moving party fails to oppose the
motion for summary judgment by written objection, memorandum,
affidavits and other evidence, the Court will accept as true all
material facts set forth by the moving party with appropriate
record support." Carp v. Internal Revenue Serv., No. 00-5992,
2002 WL 373448, at *2 (D.N.J. Jan. 28, 2002) (citations and
quotations omitted). Even if a record contains facts that might
provide support for a non-movant's position, "the burden is on
the [non-movant], not the court, to cull the record and
affirmatively identify genuine, material factual issues
sufficient to defeat a motion for summary judgment." Morris v.
Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D. Pa. Mar. 1, 1989);

see also Atkinson v. City of Phila., No. 99-1541, 2000 WL 793193, at *5 n.8 (E.D. Pa. June 20, 2000).

**II.  Section 1983 Claims**

Section 1983 authorizes an individual whose federal civil rights have been violated by a person acting under color of state law to seek redress.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Thus, to establish a violation of Section 1983, a plaintiff must demonstrate that (1) he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) the challenged conduct was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.J. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

**A.  False Arrest and Imprisonment**

The Court liberally construes the allegations in the complaint as asserting claims for false arrest and unlawful detention in violation of Herbert's Fourth Amendment rights.

6

The Fourth Amendment prohibits a police officer from
arresting and incarcerating a person without probable cause.
U.S. Const., amend. IV; see also Albright v. Oliver, 510 U.S.
266, 274 (1994) (Section 1983 claim for false arrest may be based
upon an individual's Fourth Amendment right to be free from
unreasonable seizures); Walmsley v. Phila., 872 F.2d 546, 551 (3d
Cir. 1989) (citing cases) (it is well established that an arrest
without probable cause is a constitutional violation actionable
under Section 1983); see also Dowling v. City of Phila., 855 F.2d
136, 141 (3d Cir. 1988) (noting that to state a claim for false
arrest a plaintiff must allege (1) an arrest, (2) without
probable cause).  Moreover "where the police lack probable cause
to make an arrest, the arrestee has a claim under Section 1983
for false imprisonment based on a detention pursuant to that
arrest."  Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995);
Palma v. Atl. County, 53 F.Supp.2d 743, 755 (D.N.J. 1999) (citing
Groman); see also Anela v. City of Wildwood, 595 F.Supp. 511, 512
(D.N.J. 1984) (holding a person for any length of time without
legal justification may be a Fourth Amendment violation of the
right to liberty and thus states a claim of false imprisonment
under Section 1983).

Probable cause exists when the facts and circumstances are
"sufficient to warrant a prudent man in believing that the
defendant had committed or was committing an offense."  Gerstein

v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Thus, a defense to both an unlawful arrest and false imprisonment claim is that the defendant police officers acted with probable cause. Sharrar, 128 F.3d at 817-18 (a key element of a Section 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman, 47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").

**B. Arrests Pursuant to a Warrant**

Herbert, in this case, was arrested pursuant to a warrant. (Defs. Br., at 5.)  The Fourth Amendment provides "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend IV.  To obtain an arrest warrant, police officers may submit affidavits of probable cause to judicial officers. Edwards v. Kelly, 136 Fed.Appx. 468, 470 (3d Cir. 2005). "[A] warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." Franks v. Delaware, 438 U.S. 154, 165

8

(1978); <u>see also</u> <u>Giordenello v. U.S.</u>, 357 U.S. 480, 486 (1958) (noting that the purpose of an affidavit of probable cause is to allow a neutral and detached magistrate to judge the persuasiveness of the facts provided to show probable cause). The "obvious assumption" is that the factual showing put forth in the affidavit will be a truthful showing. <u>Franks</u>, 438 U.S. at 164-65. "This does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct . . . . But surely it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." <u>Id.</u> at 165.

An affidavit in support of an arrest warrant is presumed valid. <u>Edwards</u>, 136 Fed.Appx. at 470. The issuance of an arrest warrant, however, does not preclude a claim for a false arrest. <u>Wilson v. Russo</u>, 212 F.3d 781, 786 (3d Cir. 2000). A plaintiff may succeed in a Section 1983 claim for false arrest made pursuant to warrant by demonstrating by a preponderance of the evidence that:

> (1) the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause.

<u>Id.</u> at 786-87 (internal quotes and cites omitted).

"Proof of negligence or innocent mistake in preparing the affidavit is insufficient to establish liability" for false

arrest. <u>Greene v. City of Phila.</u>, No. 97-4264, 1998 WL 254062, at *5 (E.D. Pa. May 8, 1998). Omissions are reckless if the information withheld is something a reasonable person would have known, and a judge would wish to have known. <u>Wilson</u>, 212 F.3d at 787. "An assertion is made with a reckless disregard when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." <u>Id.</u> at 788. The reckless nature of an assertion is not judged by the relevance of the information provided, but rather by the willingness to affirmatively distort the truth. <u>Id.</u> To determine whether reckless omissions or assertions in the affidavit are material, the Court must (1) insert the omitted facts, (2) correct the asserted facts, and (3) evaluate whether the corrected affidavit would establish probable cause to issue an arrest warrant. <u>Id.</u> at 789. If the corrected affidavit establishes probable cause, the omissions or assertions are not material, and a claim for false arrest fails.

**C. Affidavit of Probable Cause**

**1. Lech's Statement**

Lech submitted an affidavit of probable cause to support his application for a warrant for Herbert's arrest. (Defs. Br., at 5.) The affidavit (1) describes Herbert, (2) articulates the offenses for which he was being sought, (3) details what Banach

told the police following her encounter with Herbert, and (4) recounts (a) the actions the police took after Banach came to the police station, and (b) observations of Banach's physical appearance. (Defs. Ex. Dda2.)

Herbert alleges that the affidavit of probable cause was based upon fabricated, false, and perjured testimony because it states "the accused has several previous felony convictions for assaults with weapons." (Compl., at 5-6; Defs. Ex. Dda2.) Viewing the facts in the light most favorable to the non-movant, and based on the record of criminal history provided and the assertions of Herbert himself, Herbert has not been convicted of a felony for assault with weapons. (Compl., at 6; Defs. Ex. Dda3; Defs. Br., at 3-5.)

For this misstatement to provide a basis for a false arrest claim against Lech, Herbert bears the burden of showing that (1) Lech made the assertion in reckless disregard of the truth, and (2) the assertion was necessary to the finding of probable cause. See Wilson, 212 F.3d 286-87. Herbert, has failed to meet this burden.

Lech concedes that the statement he made was inaccurate (Lech Affidavit.) Herbert, however, has not demonstrated that this inaccuracy was knowing, deliberate, and material. Lech reviewed Herbert's criminal history during the course of his investigation into the Banach incident. (Defs. Br., at 3.)

Herbert has a criminal history in five states for varying offenses including arrest for possession of a weapon, assault with intent to cause physical injury and harassment, and aggravated battery with a deadly weapon.  (Defs. Ex. Dda3.)   The disposition of the charges varies.  Some charges were dismissed, but, Herbert was convicted upon a plea of guilty for others.  (Id.)  In some cases the disposition of the charges is unknown.  (Id.)  Lech's assertions in the affidavit incorporated this information from the criminal history report.  Given Herbert's significant criminal history, that did result in some convictions, there is nothing to indicate that Lech's misstatement was made in reckless disregard of the truth or that Lech entertained doubts about the validity of his statement.  Rather it appears that the misstatement was a result of "improper interpretation" as acknowledged by Lech.  (Lech Affidavit, at ¶ 6.)

Lech's inaccurate statement even if made in reckless disregard of the truth, does not satisfy the requisite "materiality" to demonstrate a claim for false arrest.  The statement about Herbert's felony convictions is one sentence of a three page affidavit.  If the statement were corrected, or even omitted all together, the corrected affidavit still provides sufficient probable cause to issue an arrest warrant.  The affidavit incorporates statements made by Banach regarding her

relationship with Herbert, and the physical and sexual assault
she endured.  (Defs. Ex. Dda3.)  It provides the officers' own
observations about the physical appearance of Banach, including
the fact that her left eye was bruised and swollen shut, she was
bleeding from her nose, and had bruises on her cheeks.  (<u>Id.</u>)
The report details the investigation the police undertook
following Banach's statements, the physical injuries that were
observed following a sexual assault examination, and how those
injuries were consistent with the story told by Banach.  (<u>Id.</u>)
Such facts and circumstances are sufficient to lead a reasonable
person to believe Herbert committed an offense.  Thus, the
information provided in the affidavit, absent the statement about
felony convictions, provided probable cause to issue an arrest
warrant.  We hold that Herbert's arrest was not in violation of
his Fourth Amendment rights, and therefore the detention that
followed the arrest was also lawful.[2]

---

[2] The defendants, in their brief, also raise the defense of
qualified immunity.  (Defs. Br., at 7.)  Police officers sued
under Section 1983 for false arrest enjoy qualified immunity.
<u>Malley v. Briggs</u>, 475 U.S. 335, 340 (1986).  Where, however, "the
warrant application is so lacking in indicia of probable cause as
to render official belief in its existence unreasonable, [] the
shield of immunity be lost."  <u>Id.</u> at 344-45 (internal cite
omitted).  The Court, here, need not reach the defense of
qualified immunity because the affidavit provided sufficient
probable cause to issue a warrant for Herbert's arrest.

### 2. Banach's Statements

Herbert argues that anything Banach said could not be believed or provide the basis for probable cause because Banach is mentally ill, and it was later determined that Banach was on drugs at the time of the incident and her statement to police. (Compl., at 6-8.)  He argues the police, particularly Dimeglio and Longo, took advantage of her mental state to secure information needed to bring false charges against him, and that together the defendants conspired against him.  (Id.)

There is a presumption that information provided by a victim or witness to a crime carries an indicia of reliability.  Greene, 1998 WL 254062, at *5; see also Sharrar, 128 F.3d at 818 (noting that when police receive reliable identification by a victim of an attacker there is probable cause to arrest); Grimm v. Churchill, 932 F.2d 674, 675 (7th Cir. 1991) ("when an officer has received his information from some person – normally the putative victim or an eye witness – who it seems reasonable to believe is telling the truth he has probable cause" (internal quotes omitted)).  "The skepticism and careful scrutiny usually found in cases involving informants . . . is appropriately relaxed if the informant is an identified victim."  Sharrar, 128 F.3d at 818 (also noting that in cases of domestic violence testimony of the victim may be the only evidence available to establish probable cause).  Identification of an offender by a

14

victim usually is sufficient to establish probable cause, but "independent exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officers could outweigh the identification such that probable cause would not exist." <u>Wilson</u>, 212 F.3d at 790.

Banach's identification enjoys the presumption of reliability, and is relevant to the existence of probable cause. Police were aware of the possibility that Banach's mental state was comprised.  In both the police investigation report and affidavit of probable cause, the defendants noted that Banach thought she might have been drugged, and that she told them she suffers from grand mal seizures but had not taken her medication in two days.  (Defs. Exs. DdA1, Dda2.)  Such a recognition, however, is not "substantial evidence" of Banach's unreliability. Banach's description of the events was consistent with the injuries she sustained, and there was nothing to indicate that Banach was lying or providing unreliable coerced information. Considered together with the police officers' own observations of Banach's injuries, and the criminal history of Herbert, it was reasonable for the police to rely on Banach.  Further, it was not confirmed that Banach was under the influence of drugs at the time until several months after the affidavit was prepared. (Defs. Br., at 9.)  There is no assertion that Banach or the police withheld exculpatory evidence from the affidavit.

15

Incorporation of Banach's statements into the affidavit does not amount to a deliberate, reckless, or material disregard of the truth that taints the validity of the affidavit and defeats the existence of probable cause.  No genuine issue of material fact exists, and summary judgment in favor of the defendants is appropriate.

**<u>CONCLUSION</u>**

The Court, for the reasons stated <u>supra</u>, will grant the motion for summary judgment by the defendants.  An appropriate order and judgment will be issued.


     s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge